**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                    No. 95-5350

ROLAND C. BRASWELL,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                    No. 95-5385

ROLAND C. BRASWELL,
Defendant-Appellant.

Appeals from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, District Judge.
(CR-92-101-BO)

Argued: December 7, 1995

Decided: June 19, 1996

Before WIDENER and WILKINS, Circuit Judges, and BUTZNER,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Diedra Lynn Whitted, Goldsboro, North Carolina, for Appellant. John Samuel Bowler, Assistant United States Attorney, Raleigh, North Carolina, for Appellee. **ON BRIEF:** Earl Whitted, Jr., Goldsboro, North Carolina, for Appellant. Janice McKenzie Cole, United States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Roland C. Braswell appeals his convictions for perjury on Counts Eight and Fifteen of a sixteen count indictment, and his sentence, under the sentencing guidelines, for conspiracy to impede the collection of taxes by the United States under Count One of that indictment. In an earlier opinion, we reversed the district court's grant of judgment of acquittal on Counts Eight and Fifteen and remanded for reinstatement of the Count Eight and Fifteen convictions and resentencing on all three counts. United States v. Braswell , No. 93-5770/95-5813, slip op. at 9 (4th Cir. February 8, 1995). The facts pertinent to this appeal are set forth there. We now affirm the sentence, under the sentencing guidelines, imposed for the conviction on Count One (conspiracy), and Braswell's conviction on Counts Eight and Fifteen (perjury) of the indictment.

To justify imposing a sentence under the sentencing guidelines on Count 1, the district court was required at resentencing to make a finding that an overt act in furtherance of the conspiracy occurred after November 1, 1987, the guidelines' effective date. Braswell, Nos. 93-5770 and 93-5813, slip at 9. It found that Braswell received $15,000, in furtherance of the conspiracy, on December 3, 1987 from one Riggs. App. at 192-93. Braswell argues either that the district

2

court failed to comply with this court's mandate to make a factual finding or that the finding is contrary to the evidence because, at different times during the trial, Riggs testified that the payment was made for different purposes. Factfinding was the specific responsibility of the district court, however, and Braswell's contentions are without merit because they do not demonstrate that the finding is clearly erroneous. Since the district court found that the conspiracy straddled the guidelines' effective date, it did not err in imposing a sentence under the guidelines on the conspiracy count. United States v. Bakker, 925 F.2d 728, 739 (4th Cir. 1991).

Braswell argues as well that the perjury counts on which he was convicted should be dismissed, either because 1) the prosecutrix's misconduct set a perjury trap, or 2) the questions on which the perjury charges were based were not material to the grand jury investigation at which they were propounded. We previously determined that the prosecutorial misconduct here was not enough to justify the dismissal of the indictment, and we need not address Braswell's contentions on that score. Braswell, Nos. 93-5770 and 93-5813, slip at 7.

Braswell's assertion that the questions on which he perjured himself were immaterial is also without merit. The questions related to corporate minute books which Braswell prepared and presented to the U.S. Attorney's Office. Braswell's testimony concerning the timing of the book entries was material in determining their validity, and consequently whether Braswell and the corporate entities were engaged in criminal activity.

The convictions and sentences of the district court are

AFFIRMED.

3